UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60181-CIV-COHN/SELTZER

JOANI SMITH,

    Plaintiff,

v.

CERES TERMINALS, INC., and
CELEBRITY CRUISES, INC.,

    Defendants.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendant Ceres Terminals, Inc.'s Motion for Final Summary Judgment [DE 27] and Plaintiff's Motion for Leave to File Amended Complaint for Damages and Demand for Jury Trial [DE 32]. The Court has carefully reviewed these motions, all related filings, and the record in this case, and is otherwise fully advised in the premises.

**I.  Background**

On December 26, 2010, Plaintiff Joani Smith was disembarking from a cruise ship operated by Celebrity Cruses, Inc., ("Celebrity") at Port Everglades in Fort Lauderdale. Smith was in a wheelchair, and a stevedore was assisting Smith with her luggage. Smith claims that she was injured when the stevedore lost control of the loaded baggage cart, causing luggage to fall on Smith's leg and ankle.

On February 1, 2012, Smith filed this negligence action against Celebrity and Defendant Ceres Terminals, Inc. ("Ceres"). As pertinent here, Smith's Complaint alleged the following facts concerning Ceres's role in her injury:

    3.     At all times material, Defendant **CERES TERMINALS, INC** (hereinafter "**CERES**") personally or through an agent:

    A.     Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular, in Port Everglades Fort Lauderdale, Florida;

    B.     Was engaged in substantial business activity in the State of Florida, and in particular, in Port Everglades, Broward County, Florida;

    C.     Operated stevedores and/or porter services to/for Celebrity Cruises, Inc. and other maritime interests using Port Everglades in the State of Florida, and in particular, in Port Everglades, Broward County, Florida; . . . .

*** 

    10.     On or about December 26, 2010, Plaintiff, **JOANI SMITH,** was severely injured at the Port Everglades when a stevedore employed by and under the control of Defendant CERES, who was assisting Plaintiff with her luggage, lost control of a loaded baggage cart and as a result luggage(s) fell, striking Mrs. Smith on her leg/ankle.

DE 1 at 1-3.

In its Answer filed on March 1, 2012, Ceres denied these allegations. See DE 12 at 1-2. Further, Ceres pleaded the following affirmative defense:

    11.     The Defendant asserts that the Plaintiff has sued the wrong entity. The parties to the Stevedoring Contract are CERES MARINE TERMINALS, INC. and CERES ATLANTIC TERMINAL, INC.

Id. at 4.

Also on March 1, 2012, Smith notified the Court that she had reached a settlement with Celebrity but that she would proceed with her claims against Ceres.

2

See DE 14.  Smith and Celebrity later filed a stipulation of dismissal regarding the claims against Celebrity, and the Court dismissed Celebrity from this action.  See DE 25, 26.

On March 2, 2012, Magistrate Judge Seltzer issued a Scheduling Order setting various pretrial deadlines in this case.  See DE 15.  Among other deadlines, the Scheduling Order established an April 25, 2012, cutoff for joinder of parties and amendment of pleadings; required the parties to complete fact discovery by August 3, 2012; and set a deadline of August 31, 2012, for filing dispositive pretrial motions.  See id.  The Order also noted that the Court had scheduled trial for the two-week period beginning November 5, 2012, and that calendar call would be held on November 1, 2012.  See id.

On August 31, 2012, Ceres filed its present Motion for Summary Judgment.  See DE 27.  In that Motion, Ceres first argues that Smith's claims against it are barred by a one-year limitations provision in Smith's Cruise Ticket Contract, which generally applies to any agents or contractors of Celebrity.  See DE 27-1 at 2, 8.  Moreover, Ceres contends that "it is not a proper party to this action since it did not employ or control the porter/baggage handler who allegedly was negligent and caused Plaintiff, JOANI SMITH's injuries at Port Everglades on December 26, 2010."  DE 27 at 13.  Ceres maintains that it did not provide stevedore services at Port Everglades at the time Smith was injured, nor was it a party to the Stevedore Contract that governed those services.  Ceres instead claims that R.O. White & Company, Inc., ("White") provided stevedore services at Port Everglades during the relevant time and that White, not Ceres, employed the stevedore who allegedly caused Smith's injuries.

3

In response to Ceres's summary-judgment motion, Smith asserts that Celebrity agreed to extend the one-year limitations period in the Cruise Ticket Contract and that this agreement also extended the time for Smith to bring claims against Ceres. Regarding Ceres's argument that it is not a proper party to this action, Smith appears to acknowledge that White is "the real party in interest." DE 31 at 3; see also DE 32 at 2 ("Plaintiff just learned that it was R.O. White & Company, Inc. who provided stevedoring and cruises services, including baggage handling for cruise passengers."). Smith contends, however, that this fact was not disclosed until Ceres filed its Motion for Summary Judgment, despite a pre-suit investigation by Smith concerning the proper Defendant. Smith also suggests that White had notice that it was subject to a claim in this action.

Based on these same arguments, Smith has filed her Motion for Leave to File Amended Complaint, in which she seeks to add White as a Defendant in this case. See DE 32. Smith's Motion relies on the standards for amendment of pleadings, and relation back of amendments, set forth in Federal Rule of Civil Procedure 15. See Fed. R. Civ. P. 15(a)(2), (c)(1). Ceres opposes the motion to amend, arguing that Smith's proposed amendments cannot relate back to the date of her original Complaint against Ceres because that pleading was not timely filed. See DE 35.

II.     Discussion

    A.     **Defendant's Motion for Summary Judgment**

        1.     **Summary Judgment Standard**

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial

4

responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must point out to the Court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577. If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In making this determination, the Court must discern which issues are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Further, in deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### 2. Analysis of Ceres's Motion

As discussed above in Part I, Ceres advances two arguments in support of summary judgment: (1) that Smith's claims are barred by the limitations clause in the Cruise Ticket Contract and (2) that Ceres is not a proper party to this action because it had no involvement in the stevedore services that allegedly injured Smith. The Court finds the second point dispositive and therefore declines to address the first issue.

Ceres has submitted an affidavit from its Vice President and Controller confirming that White, rather than Ceres, provided the stevedore services at Port Everglades at the time of Smith's injury and employed the stevedore who assisted her. See DE 27-3 at 2-5 (Aff. of Joseph Hawken). Attached to that affidavit is the contract providing for stevedore services at Port Everglades during the relevant time period. See id. at 7-15. The contract was entered into between the cruise-ship operator and three companies that are not parties to this action: Ceres Marine Terminals, Inc.,

6

Ceres Atlantic Terminals, Inc., and White.[1]  See id.  Together, this evidence establishes that Ceres was not responsible for the stevedore services at Port Everglades and did not employ the stevedore whose alleged negligence injured Smith.  See Langfitt v. Fed. Marine Terminals, Inc., 647 F.3d 1116, 1121 (11th Cir. 2011) (explaining that "it is the employer's ability to control the employee that allows the law to hold an otherwise non-faulty employer vicariously liable for the negligent acts of its employee acting within the scope of employment").  And Smith has presented no evidence to the contrary, essentially conceding that White was the responsible company.  Because the record shows that Ceres cannot be held liable for Smith's injuries, the Court grants Ceres's Motion for Summary Judgment.

B.   **Plaintiff's Motion for Leave to Amend**

Smith moves for leave to file an Amended Complaint adding White as a Defendant.  See DE 32.  As noted above in Part I, Smith's Motion relies on the Rule 15 standards for amendment of pleadings and relation back of amendments.  See Fed. R. Civ. P. 15(a)(2), (c)(1).  Smith's motion to amend, however, was filed **five months** after the Scheduling Order's deadline for joinder of parties and amendment of pleadings.  A pretrial scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Further, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the

---

[1] White is "a wholly owned subsidiary of Ceres Marine Terminals, Inc., and is based in Fort Lauderdale, Florida."  DE 28 at 5.  White provides stevedore services at Port Everglades, while the other parties to the Stevedore Contract—Ceres Marine Terminals, Inc., and Ceres Atlantic Terminals, Inc.—provide similar services at other ports.  See id. at 4-5.  Although Ceres and these three companies are related entities, there is no dispute that they are separate corporations with independent liability.

party seeking the extension.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Fed. R. Civ. P. 16(b) advisory committee notes (1983)). Therefore, Smith must meet this standard before the Court may consider whether her proposed amendments are proper under Rule 15. See id. at 1419; see also S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b).").

Smith suggests that she was diligent in seeking to determine the identity of the company that provided stevedore services at port Everglades and that employed the stevedore who allegedly injured her. She points to pre-suit correspondence with various entities, including a letter to Celebrity in which Smith inquired about other parties that might be responsible for her injuries. See DE 31-1 at 2. Celebrity responded that it "does not handle any baggage trolleys" because "[t]hat is a function handled by the Ceres Company." DE 31-2 at 1. Smith also notes that Ceres denied liability in a response letter but did not identify any other responsible party. See DE 31-6 at 1. She contends that Ceres instead waited until it moved for summary judgment "to point out the misnomer that WHITE should have been joined." DE 31 at 3. More, Smith asserts that because of its corporate relationship with Ceres Marine Terminals, Inc., White had notice that it was subject to a personal-injury claim by Smith.[2] The Court finds these arguments unavailing and concludes that Smith was not diligent in discovering the identity of the proper Defendant before the deadline for joining parties and amending pleadings, or even within a reasonable time after that deadline.

---

[2] Smith also notes that Ceres copied a "J. White" on its letter denying liability. DE 31-6 at 1. It is unclear, though, whether this individual has any relationship to R.O. White & Company, Inc.

8

As described above in Part I, Ceres denied in its Answer that it conducted business operations at Port Everglades and, in particular, that it provided stevedore services there. Ceres further denied that it employed the stevedore who assisted Smith with her luggage. In addition, Ceres specifically pleaded the defense that "Plaintiff has sued the wrong entity. The parties to the Stevedoring Contract are CERES MARINE TERMINALS, INC. and CERES ATLANTIC TERMINAL, INC." DE 12 at 4. These responsive allegations in Ceres's Answer plainly notified Smith that Ceres was not the company that provided the stevedore services at issue.

Yet despite being served with Ceres's Answer on March 1, 2012, nothing in the record indicates that Smith tried to confirm whether Ceres was the proper Defendant during the nearly two months before the April 25, 2012, deadline for joinder of parties and amendment of pleadings. Nor has Smith shown that she ever explored this issue during fact discovery, which remained open until August 3, 2012. For example, Smith could have requested a copy of the Stevedore Contract referenced in Ceres's Answer, or inquired whether Ceres was actually the company responsible for stevedore services at Port Everglades. See Sosa, 133 F.3d at 1419 (affirming denial of plaintiff's motion to amend her complaint to add a related corporate defendant, in part because plaintiff did not timely seek discovery that would have revealed the need for that amendment, even though defendant raised the issue in its answer). Especially given Smith's alleged confusion about the proper Defendant during her pre-suit investigation, it was incumbent upon her to confirm this critical fact once she had notice that it was in doubt. See S. Grouts & Mortars, 575 F.3d at 1241 n.3 (noting that "lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order"). But it was not until September 24, 2012—three weeks after

9

Ceres filed its summary-judgment motion—that Smith sought to amend her Complaint to add White as a Defendant.  See Lowe's Home Ctrs., Inc. v. Olin Corp., 313 F.3d 1307, 1315 (11th Cir. 2002) ("It is not an abuse of discretion for a district court to deny a motion for leave to amend a complaint when such motion is designed to avoid an impending adverse summary judgment.  Furthermore, it is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions." (citations omitted)).

The Court also rejects Smith's argument that "[t]he mistake if any was CERES['s] in not pointing out the real party in interest sooner."  DE 31 at 3.  Ceres made clear in its Answer that it was not the responsible party and referred to the Stevedore Contract involving Ceres Marine Terminals, Inc., and Ceres Atlantic Terminals, Inc.  While Ceres's Answer did not mention that White was also a party to that contract, the information provided in that pleading refutes any claim that Ceres misled Smith into believing that Ceres was the proper Defendant.  And in any event, it was Smith's responsibility—not Ceres's—to identify the proper Defendant in this lawsuit.  Given the allegations in its Answer, and absent a discovery request from Smith concerning the identity of the responsible company, Ceres had no further obligation to correct Smith's mistaken belief about Ceres's role in Smith's injury before seeking summary judgment on that issue.

In addition, the Court notes that substituting White as the Defendant would require service of a new party, additional pleadings, and likely further discovery and dispositive motions—even though trial is just over three weeks away.  This would require the Court to set a new pretrial and trial schedule, causing significant delay,

added expense, and use of Court resources.  Because Smith was not diligent in timely naming the correct Defendant, she has shown no justification for imposing these burdens.  See Lowe's Home Ctrs., 313 F.3d at 1315 ("[I]n order to ensure the orderly administration of justice, [the district court] has the authority and responsibility to set and enforce reasonable deadlines.").

For all these reasons, the Court finds that Smith has not shown good cause for amending her Complaint and adding a new Defendant long after the relevant scheduling deadlines have passed.  The Court therefore denies Smith's motion for leave to amend.[3]

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Ceres Terminals, Inc.'s Motion for Final Summary Judgment [DE 27] is **GRANTED**;

2. Plaintiff's Motion for Leave to File Amended Complaint for Damages and Demand for Jury Trial [DE 32] is **DENIED**;

3. The calendar call scheduled for November 1, 2012, is **CANCELLED**, and the case is removed from the Court's November 5, 2012, trial calendar; and

4. The Court will enter a separate Final Judgment in this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of October, 2012.

*James I. Cohn*
JAMES I. COHN
United States District Judge

---

[3] Because Smith has not shown good cause for modifying the Court's Scheduling Order, the Court need not consider whether her proposed amendments would be permissible under Rule 15.  See Sosa, 133 F.3d at 1419.

11

Copies to:

Counsel of record via CM/ECF